UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                          :
JONATHAN BRAVO ARIZMENDI,           :

                          Petitioner,            :            25-CV-7056
       -v-                                         :
                                                :           **TEMPORARY**
KRISTI NOEM, *in her official capacity as*   :          **RESTRAINING**
*Secretary of the U.S. Department of Homeland*   :    **ORDER & ORDER TO**
*Security*; TODD LYONS, *in his official capacity as* :   **SHOW CAUSE**
*Acting Director of U.S. Immigration and Customs* :
*Enforcement*; WILLIAM JOYCE, *in his official*   :
*capacity as Field Office Director of the New York* :
*Office of U.S. Immigration and Customs*           :
*Enforcement*; PAMELA BONDI, *in her official*  :
*capacity as U.S. Attorney General*; RAUL        :
MALDONADO, Jr., *in his official capacity as*    :
*Warden of the Metropolitan Detention Center*,   :
                                                :
                        Respondents.        :
                                                :
------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

       This petition for a writ of habeas corpus and accompanying motion for preliminary injunctive relief have not yet been assigned to a district judge. Accordingly, the undersigned, as Miscellaneous Duty Judge, has been designated to handle initial scheduling matters and issue all related orders necessary to preserve the Court's jurisdiction and grant other temporary relief as may be just and proper.

       WHEREAS, Petitioner is presently detained by Respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, and has been

1

detained at MDC and at other facilities since he was taken into custody by Respondents on October 6, 2025;

WHEREAS, through the declaration of counsel, Petitioner avers that he is a citizen of Mexico who has resided in the United States for fifteen years, cares and provides financial support for his three school-aged children, works at a construction company, and has no criminal history in any country;

WHEREAS, through the declaration of counsel, Petitioner avers that he is and has been suffering from excruciating dental pain due to an untreated condition while detained at MDC, which is impeding Petitioner's ability to eat and sleep;

WHEREAS, Petitioner requested a bond hearing before an immigration judge, which was denied on December 2, 2025, and subsequently requested release to seek emergency dental treatment for his serious medical needs at an outside facility in accordance with the recommendation of a dentist at MDC, which was denied by Respondents on December 17, 2025;

WHEREAS, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1 (Dec. 23, 2025), supported by accompanying declarations and exhibits, alleging that his detention violates his constitutional and statutory rights;

WHEREAS, Petitioner has moved for entry of a Temporary Restraining Order and Preliminary Injunction, ECF No. 2 (Dec. 23, 2025), supported by an accompanying Memorandum of Law, seeking an order directing his immediate release from detention and restraining Respondents from re-detaining him for the pendency of the Court's adjudication of the underlying Petition;

WHEREAS, the Court finds that Petitioner has established a likelihood of success on the merits of his claim that his detention without a bond hearing violates his Fifth Amendment right to procedural due process because he has lived in the United States for fifteen years and is therefore entitled to an individualized, pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a), *see, e.g., Hyppolite v. Noem*, 25-CV-4304 (NRM), 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025); Petition at 3 n.1 (setting forth more than three dozen recent judicial decisions similarly holding that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to individuals like Petitioner who are presently residing in the United States, and that such persons are entitled to an individualized, pre-

detention hearing before a neutral judicial officer as to their eligibility for bond under 8 U.S.C. § 1226(a) before they may be taken into Respondents' custody);[1]

WHEREAS, based on the declarations of Petitioner's counsel, legal authorities, exhibits, and arguments submitted, the Court finds that Petitioner has also established that he is currently suffering and will continue to suffer immediate and irreparable harm absent preliminary injunctive relief, in the form of the continued deprivation of his liberty without due process of law, as well as the deprivation of access to necessary medical care for his serious medical needs while he is in Respondents' custody; and the Court further finds that the balance of equities and the public interest favor the grant of injunctive relief;

It is hereby:

**ORDERED**, that Petitioner's Motion for a Temporary Restraining Order under Fed. R. Civ Proc. 65 is **GRANTED**;

---

[1] Because the Court finds that Petitioner has established a likelihood of success on the merits of his claim that Respondents have violated his right to procedural due process through their failure to provide him with the pre-detention bond hearing required by Section 1226(a) of the Immigration and Nationality Act, the Court does not reach his alternative argument that he is entitled to preliminary injunctive relief because his detention violates the terms of the nationwide class injunction in *Maldonado Bautista v. Noem*, No. 25-CV-01873 (SSS) (BFM), 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

**ORDERED**, that Respondents must release Petitioner from custody **no later than 6:00 P.M. on Wednesday, December 24, 2025.** Respondents, through counsel, **shall file a letter on the docket no later than 8:00 P.M. on Wednesday, December 24, 2025** confirming that Petitioner has been released from custody, and shall send a courtesy copy of that letter by electronic mail to morrison_chambers@nyed.uscourts.gov and to Petitioner's counsel at the email address listed in the Petition.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court, while the terms of this Order otherwise remain in effect;

**ORDERED**, that Respondents **shall show cause in writing no later than December 31, 2025 at 10:00 A.M.** as to (1) why the Court should not issue a preliminary injunction enjoining Respondents from detaining Petitioner during the pendency of this Court's consideration of the Petition and (2) why the Petition for a writ of habeas corpus should not be granted.

Petitioner's counsel is directed (1) to serve the United States Attorney's Office for the Eastern District of New York with a copy of the Petition and accompanying papers, along with a copy of this Order, by electronic mail, by 12:00 P.M. today

5

(December 24, 2025), and (2) to promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance.

The foregoing Temporary Restraining Order shall expire on **January 7, 2026, at 7:00 A.M.** unless it is extended by further Order of this Court for good cause shown or otherwise.

The Court also respectfully requests that Clerk of Court provide an additional courtesy copy of this Order to the Chief of the Civil Division of the United States Attorney's Office for the Eastern District of New York by electronic mail.

**SO ORDERED.**

Dated:  December 24, 2025 at 9:00 A.M.      */s/ Nina R. Morrison*
        Brooklyn, New York                                   Nina R. Morrison
                                                          United States District Judge
                                                          Miscellaneous Duty Judge